## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

OMNI BRIDGEWAY LIMITED,
as assignee for GBC Oil Company Ltd.,

                Petitioner,

v.

THE MINISTRY OF INFRASTRUCTURE
AND ENERGY OF THE REPUBLIC
OF ALBANIA; THE NATIONAL
AGENCY OF NATURAL RESOURCES
OF THE REPUBLIC OF ALBANIA;
and ALBPETROL SH.A.,

                Respondents.

No. 1:23-cv-01938-LLA

## **RETURN OF SERVICE**

LOIS S. AHN declares as follows pursuant to 28 U.S.C. § 1746:

1.    I represent petitioner Omni Bridgeway Limited ("Omni Bridgeway"), in its capacity as appointed agent and investment manager for Omni Bridgeway (Fund 2) Pty. Ltd. and Omni Bridgeway (Fund 3) Pty. Ltd., as assignee for GBC Oil Company Ltd., in this proceeding. I submit this Return of Service in response to the Court's January 18, 2024 Order requiring Omni Bridgeway to file a status report "detailing its attempts to serve Defendants." Minute Order dated January 18, 2024.

2.    Because Albania is a party to the Hague Service Convention, I understand that the Foreign Sovereign Immunities Act requires us to serve respondents by delivering copies of the service materials, along with a service request form, to Albania's designated central authority, its Ministry of Justice. 28 U.S.C. § 1608(a)(2), (b)(2). I further understand that Article 6 of the Convention requires Albania's central authority to send us a certificate of service showing that the

materials have been served upon respondents or else setting out the reasons why the materials could not be served.

3.      On July 24 or 25, 2023, I caused to be dispatched to Albania's Ministry of Justice by FedEx copies of the service request form, the Petition to Confirm Arbitral Award and the accompanying declarations and exhibits, civil cover sheet, proposed order, and proposed judgment (Dkt. Nos. 1 to 1-19; 1-23 to 1-24), as well as the Summons (Dkt. No. 3).  A copy of our cover letter to the Ministry is attached as **Exhibit A**.  As required under Article 3 of the Convention, we provided the Ministry two copies of the service packet per respondent.  The cover letter specifically requested that the Ministry, upon effecting service, "fill out and return, by both email and hard copy, the certificates of service attached to the request for service forms for each of the three respondents."

4.      On July 24, 2023, my colleague Robert Kry sent a courtesy copy of the foregoing service materials to the Ministry by email.  I received a copy of the email from Mr. Kry to the Ministry.  A copy of read receipts showing that the emails were read on July 25, 2023 is attached as **Exhibit B**.

5.      On July 31, 2023, FedEx reported that it had delivered the hard copy materials to the Ministry in Tirana, Albania earlier that day.  A copy of the delivery receipt, signed by the recipient, is attached as **Exhibit C**.

6.      On October 10, 2023, I caused to be dispatched to Albania's Ministry of Justice a follow-up letter by FedEx, requesting a status update on the Hague Convention service.  A copy of the October 10, 2023 follow-up letter to the Ministry is attached as **Exhibit D**.  That follow-up letter reiterated our request that the Ministry "fill out and return the certificates of service included in our request."

7. That same day, Mr. Kry sent a courtesy copy of the follow-up letter to the Ministry by email. I received a copy of the email from Mr. Kry to the Ministry. A copy of read receipts showing that the emails were read on October 11, 2023 is attached as **Exhibit E**.

8. On October 23, 2023, FedEx reported that it had delivered the follow-up letter to the Ministry in Tirana, Albania earlier that day. A copy of the delivery receipt, signed by the recipient, is attached as **Exhibit F**.

9. On November 14, 2023, our office received correspondence from Albania's Ministry of Justice dated November 2, 2023. The letter stated that the Ministry had sent the service packets to the Court of First Instance of General Jurisdiction in Tirana, Albania, for service upon the three respondents. The letter included as exhibits our July 24 and October 10 correspondence to the Ministry. A copy of the November 2, 2023 letter from the Ministry, along with a certified translation, is attached as **Exhibit G**.

10. On January 23, 2024, our firm sent to Albania's Ministry of Justice another follow-up letter by FedEx. A copy of that January 23, 2024 follow-up letter to the Ministry is attached as **Exhibit H**. That follow-up letter "once again demand[ed] that the Ministry immediately provide to us certificates of service confirming that the service packets have been served on the respondents." The letter also warned the Ministry that respondents would be deemed in default if the Ministry failed to effect service within six months of our original request.

11. That same day, Mr. Kry sent a courtesy copy of the second follow-up letter to the Ministry by email. I received a copy of the email from Mr. Kry to the Ministry. A copy of the outgoing email is attached as **Exhibit I**. For reasons unclear, to the best of my knowledge, we did not receive read receipts for this email.

12. On January 30, 2024, FedEx reported that it had delivered the second follow-up letter to the Ministry in Tirana, Albania earlier that day. A copy of the delivery receipt, signed by the recipient, is attached as **Exhibit J**.

13. Despite our repeated requests over six months, to the best of my knowledge, the Ministry has never provided us with any certificate of service or any certificate stating why service could not be effected. To the best of my knowledge, other than the one letter we received on November 14, 2023, we have received no communication from the Ministry whatsoever.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 1, 2024.  
Washington, D.C.

                                                  Lois S. Ahn