**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

OMNI BRIDGEWAY LIMITED,
as assignee for GBC Oil Company Ltd.,

                Petitioner,

     v.

THE MINISTRY OF INFRASTRUCTURE
AND ENERGY OF THE REPUBLIC
OF ALBANIA; THE NATIONAL
AGENCY OF NATURAL RESOURCES
OF THE REPUBLIC OF ALBANIA;
and ALBPETROL SH.A.,

                Respondents.

No. 1:23-cv-01938-LLA

**PETITIONER OMNI BRIDGEWAY LIMITED'S
<u>MOTION TO AUTHORIZE ATTACHMENT AND EXECUTION</u>**

Pursuant to 28 U.S.C. § 1610(c), petitioner Omni Bridgeway Limited respectfully moves for an order authorizing attachment and execution on this Court's judgment.  The grounds for the motion are set forth in the accompanying Memorandum of Points and Authorities and Declaration of Robert K. Kry and exhibits thereto, and the evidence and other materials previously submitted in the case.

Dated:    August 20, 2025
        Washington, D.C.

                                                      _/s/ Robert K. Kry_____
                                                      Robert K. Kry
        D.C. Bar # 490545
        Lois S. Ahn
        D.C. Bar # 90030717
        MOLO LAMKEN LLP
        The Watergate, Suite 500
        600 New Hampshire Avenue, N.W.
        Washington, D.C.  20037
        Tel.: (202) 556-2011
        Fax: (202) 556-2001
        rkry@mololamken.com

        *Attorneys for Petitioner*
        *Omni Bridgeway Limited*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

OMNI BRIDGEWAY LIMITED,
as assignee for GBC Oil Company Ltd.,

        Petitioner,

    v.

THE MINISTRY OF INFRASTRUCTURE
AND ENERGY OF THE REPUBLIC
OF ALBANIA; THE NATIONAL
AGENCY OF NATURAL RESOURCES
OF THE REPUBLIC OF ALBANIA;
and ALBPETROL SH.A.,

        Respondents.

No. 1:23-cv-01938-LLA

---

**PETITIONER OMNI BRIDGEWAY LIMITED'S**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**<u>OF MOTION TO AUTHORIZE ATTACHMENT AND EXECUTION</u>**

Robert K. Kry
D.C. Bar # 490545
Lois S. Ahn
D.C. Bar # 90030717
MOLO LAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
Tel.: (202) 556-2011
Fax: (202) 556-2001
rkry@mololamken.com

*Attorneys for Petitioner*
*Omni Bridgeway Limited*

**TABLE OF CONTENTS**

Page

BACKGROUND .......................................................................................................................... 1

ARGUMENT .............................................................................................................................. 3

I.      The Judgment Was Properly Served on Respondents .......................................................... 3

II.     A Reasonable Period of Time Has Elapsed ........................................................................ 7

CONCLUSION........................................................................................................................... 9

i

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Angellino v. Royal Fam. Al-Saud,*
688 F.3d 771 (D.C. Cir. 2012)..............................................................................................3

*Archirodon Constr. (Overseas) Co. Ltd. v. Gen. Co. for Ports of Iraq,*
No. 22-cv-1571, 2024 WL 3844800 (D.D.C. Aug. 16, 2024)..................................................6

*ConocoPhillips Petrozuata B.V. v. Bolivarian Republic of Venezuela,*
628 F. Supp. 3d 1 (D.D.C. 2022)..........................................................................................5

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela,*
No. 16-cv-661, 2017 WL 6349729 (D.D.C. June 9, 2017)....................................................8

*Elliott Assocs., L.P. v. Banco de la Nacion,*
No. 96-cv-7916, 2000 WL 1449862 (S.D.N.Y. Sept. 29, 2000) ..............................................8

*Eurofinsa, S.A. v. Gabonese Republic,*
No. 23-cv-3013, 2025 WL 1650493 (D.D.C. June 11, 2025)..............................................7, 9

*Ned Chartering & Trading, Inc. v. Republic of Pakistan,*
130 F. Supp. 2d 64 (D.D.C. 2001) .......................................................................................8

*Owens v. Republic of Sudan,*
141 F. Supp. 3d 1 (D.D.C. 2015).........................................................................................8

*Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela,*
No. 20-cv-129, 2021 WL 6644369 (D.D.C. July 13, 2021) ...................................................8

*Warmbier v. Democratic People's Republic of Korea,*
No. 18-cv-977, 2019 WL 11276677 (D.D.C. Apr. 9, 2019)..................................................8

### RULES AND STATUTES

Convention on the Service Abroad of Judicial and Extrajudicial Documents in
Civil or Commercial Matters arts. 5, 6, Nov. 15, 1965, 20 U.S.T. 361, 362-63..................2, 4

Convention on the Service Abroad of Judicial and Extrajudicial Documents in
Civil or Commercial Matters art. 15(b), Nov. 15, 1965, 20 U.S.T. 361, 364.........................6

28 U.S.C. § 1608(a)..........................................................................................................3, 4

28 U.S.C. § 1608(a)(1) ........................................................................................................4

28 U.S.C. § 1608(a)(2) ..................................................................................................1, 4, 5

28 U.S.C. § 1608(a)(3) ................................................................................2, 4, 5, 6, 7

28 U.S.C. § 1608(a)(4) ...........................................................................................4, 5

28 U.S.C. § 1608(b).................................................................................................3, 4

28 U.S.C. § 1608(b)(1) ..............................................................................................4

28 U.S.C. § 1608(b)(2) ...........................................................................................1, 4

28 U.S.C. § 1608(b)(3) ..............................................................................................4

28 U.S.C. § 1608(b)(3)(B)................................................................................2, 5, 6, 7

28 U.S.C. § 1608(e)...........................................................................................1, 3, 7

28 U.S.C. § 1610(c)........................................................................................1, 3, 7, 9

### OTHER AUTHORITIES

H.R. Rep. No. 94-1487 (1976)...............................................................................8

Petitioner Omni Bridgeway Limited ("Omni Bridgeway"), in its capacity as appointed agent and investment manager for Omni Bridgeway (Fund 2) Pty. Ltd. and Omni Bridgeway (Fund 3) Pty. Ltd., as assignee for GBC Oil Company Ltd. ("GBC"), respectfully submits this memorandum of points and authorities in support of its motion to authorize attachment and execution efforts under 28 U.S.C. § 1610(c).

Under the Foreign Sovereign Immunities Act ("FSIA"), "[n]o attachment or execution . . . shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e)." 28 U.S.C. § 1610(c). Those requirements are met here. It has been over six months since the Court entered a default judgment against respondents and over three and a half months since the judgment was served under Section 1608(e). Additional time will pass before this Court acts on this motion. Respondents have not satisfied the judgment and, by all appearances, are taking no steps toward satisfying the judgment either. The Court should find that a "reasonable period of time" has elapsed and authorize Omni Bridgeway to begin attachment and execution efforts.

### BACKGROUND

This case arises out of an arbitral award that GBC obtained against respondents The Ministry of Infrastructure and Energy of the Republic of Albania (the "MIE"), The National Agency of Natural Resources of the Republic of Albania ("AKBN"), and Albpetrol Sh.A. Dkt. 1-2. GBC assigned its rights under the award to Omni Bridgeway, which then brought this proceeding to recognize and enforce the award. Dkt. 1.

Because Albania is a signatory to the Hague Service Convention, Sections 1608(a)(2) and (b)(2) of the FSIA required Omni Bridgeway to serve the petition and supporting papers on respondents through Albania's central authority, the Albanian Ministry of Justice. Omni

1

Bridgeway's counsel sent those documents to the Ministry, which received them on July 31, 2023.  Dkt. 7 ¶¶3, 5; Dkt. 7-3.  The Hague Convention required the Ministry to serve the documents on respondents and return a certificate of service.  *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters arts. 5, 6, Nov. 15, 1965, 20 U.S.T. 361, 362-63.  The Ministry confirmed receipt on November 2, 2023.  Dkt. 7 ¶9; Dkt. 7-7.  But it never sent a certificate of service and never communicated with Omni Bridgeway again.  Dkt. 13-1 ¶4.  Accordingly, after waiting more than six months, Omni Bridgeway moved for a default judgment.  Dkt. 13.  On February 14, 2025, this Court granted the motion, confirmed the award, and entered judgment.  Dkts. 14, 15.

Omni Bridgeway then tried to serve the default judgment on respondents under the Hague Convention.  On February 28, 2025, Omni Bridgeway's counsel sent the memorandum opinion and order and the docket entry for the Clerk's judgment, along with service request forms, to the Ministry of Justice, which received them on March 4, 2025.  Declaration of Robert K. Kry ("Kry Decl.") ¶3 & Ex. 1 ¶¶2-3.  The Ministry has not provided a certificate of service and has not communicated with Omni Bridgeway in any other way.  Kry Decl. ¶4.

Accordingly, Omni Bridgeway served the default judgment on respondents through this Court's Clerk's office.  On April 9, 2025, Omni Bridgeway requested that the Clerk serve by FedEx one copy per respondent of the memorandum opinion, order, and docket entry, together with Albanian translations, to Albania's Minister for Europe and Foreign Affairs (for service on the MIE and AKBN under 28 U.S.C. § 1608(a)(3)) and to each respondent directly at its street address (under 28 U.S.C. § 1608(b)(3)(B)).  Kry Decl. ¶5 & Ex. 2 ¶3.  All five packets were delivered and signed for between April 25 and April 30, 2025.  Kry Decl. ¶5 & Ex. 2 ¶4.

Over three and a half months have now passed since that service was completed. Omni Bridgeway still has received no certificate of service from the Ministry of Justice; it has received no other communication from the Ministry concerning the default judgment; and it has received no communication from any respondent either. Kry Decl. ¶¶ 4, 6.

## ARGUMENT

Section 1610(c) of the FSIA provides that, in suits against foreign sovereign entities, "[n]o attachment or execution . . . shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e)." 28 U.S.C. § 1610(c). Those requirements are satisfied here. *First*, Omni Bridgeway provided the notice required by Section 1608(e) by serving the Court's default judgment on respondents through the Clerk's office. *Second*, a reasonable period of time has elapsed — more than six months since the entry of judgment and more than three and a half months (and counting) since the completion of service. The Court should accordingly grant this motion and permit Omni Bridgeway to begin attachment and execution efforts.

## I.    THE JUDGMENT WAS PROPERLY SERVED ON RESPONDENTS

Section 1608(e) provides that "[a] copy of any such default judgment shall be sent to the foreign state . . . in the manner prescribed for service in this section." 28 U.S.C. § 1608(e). The provision thus incorporates the service methods for summonses and complaints in Sections 1608(a) and (b). Those sections specify several methods of service. *Id.* § 1608(a), (b). A plaintiff "must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Angellino v. Royal Fam. Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012).

3

Section 1608(a) specifies methods for service on the foreign sovereign itself.  28 U.S.C. § 1608(a).  Section 1608(a)(1) provides for service under a "special arrangement for service" between the parties.  *Id.* § 1608(a)(1).  Section 1608(a)(2) provides for service under an "applicable international convention."  *Id.* § 1608(a)(2).  Section 1608(a)(3) provides for service "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs."  *Id.* § 1608(a)(3).  And Section 1608(a)(4) provides for service by diplomatic channels.  *Id.* § 1608(a)(4).

Section 1608(b) specifies methods for service on a foreign state's agencies or instrumentalities.  28 U.S.C. § 1608(b).  Section 1608(b)(1) provides for service under a "special arrangement for service."  *Id.* § 1608(b)(1).  Section 1608(b)(2) provides for service under an "applicable international convention" or through an agent for service in the United States.  *Id.* § 1608(b)(2).  And Section 1608(b)(3) provides for service by "any form of mail" through the Clerk's office, as well as other methods not relevant here.  *Id.* § 1608(b)(3).

In this case, there is no special arrangement for service under Sections 1608(a)(1) and (b)(1), and no respondent has an agent for service in the United States.  Kry Decl. ¶¶ 3, 5.  Omni Bridgeway therefore tried to serve respondents under the Hague Service Convention pursuant to Sections 1608(a)(2) and (b)(2).  Omni Bridgeway's counsel sent the service request forms and default judgment, in duplicate, to Albania's central authority, the Ministry of Justice.  Kry Decl. ¶ 3 & Ex. 1 ¶¶ 2-3.  That service complied with the Convention.  *See* Hague Service Convention arts. 5, 6, 20 U.S.T. at 362-63.  Indeed, this Court previously upheld Omni Bridgeway's Hague Convention service of its petition to confirm the award, and Omni Bridgeway served the default judgment using the same procedures.  Dkt. 14 at 14-15.

4

Albania's Ministry of Justice received the service packets on March 4, 2025.  Kry Decl. ¶ 3 & Ex. 1 ¶¶ 2-3.  The Ministry did not provide a certificate of service and did not communicate with us about the service requests at all.  Kry Decl. ¶ 4.  Accordingly, on April 9, 2025, Omni Bridgeway proceeded to serve the default judgment by mail through the Clerk's office instead. Kry Decl. ¶ 5 & Ex. 2.

Sections 1608(a)(3) and (b)(3)(B) permit service though the Clerk's office "if service cannot be made under paragraphs (1) or (2)."  28 U.S.C. § 1608(a)(3), (b)(3)(B).  That condition is met here.  Service was not possible under paragraph (1) for reasons already explained, and Omni Bridgeway's efforts to serve respondents under paragraph (2) failed because the Ministry of Justice refused to carry out its Hague Convention service obligations.  *See ConocoPhillips Petrozuata B.V. v. Bolivarian Republic of Venezuela*, 628 F. Supp. 3d 1, 8-9 (D.D.C. 2022) (finding that service could not be made under Section 1608(a)(2) where the petitioners mailed the service package to Venezuela's central authority but received no confirmation of service).

Sections 1608(a)(3) and (b)(3)(B) do not specify how long a party must wait before concluding that service "cannot be made" under the Hague Convention.  But the time that Omni Bridgeway waited (from March 4 to April 9, 2025) was sufficient, for several reasons.

*First*, Section 1608(a)(4) states that a plaintiff may serve documents through diplomatic channels "if service cannot be made *within 30 days* under paragraph (3)."  28 U.S.C. § 1608(a)(4) (emphasis added).  Although Sections 1608(a)(3) and (b)(3)(B) contain no similar explicit timeframe, the 30-day deadline provides an appropriate benchmark by analogy.

*Second*, Omni Bridgeway previously tried to serve its petition to confirm the award under the Hague Convention.  By the time Omni Bridgeway moved for a default judgment, Albania's Ministry of Justice had failed to serve that petition for nearly *nine months*.  Kry Decl. ¶ 8.  As of

5

today, the Ministry has failed to serve the petition for over *two years*.  *Id.*  That protracted failure confirms that the Ministry has no plans to serve the default judgment either.

*Finally*, nearly six months have now elapsed since Omni Bridgeway delivered the default judgment to the Ministry, and Omni Bridgeway has received no certificate of service and no other communication at all.  Kry Decl. ¶4.  That radio silence confirms that the Ministry has no plans to serve the default judgment, now or ever.  At this point, further waiting would be pointless.  Omni Bridgeway properly served the judgment through the Clerk's office instead.[1]

Omni Bridgeway followed the proper procedures for service through the Clerk's office. Section 1608(a)(3) permits service on sovereigns "by sending a copy of the [documents], together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs."  28 U.S.C. § 1608(a)(3).  Section 1608(b)(3)(B) similarly permits service on agencies and instrumentalities "by delivery of a copy of the [documents], together with a translation of each into the official language of the foreign state . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality."  *Id.* § 1608(b)(3)(B).

Omni Bridgeway complied with those requirements.  It translated each document into Albanian.  Kry Decl. ¶5 & Ex. 2.  It then requested that the Clerk serve them on respondents by FedEx, a "form of mail" under the statute.  *See Archirodon Constr. (Overseas) Co. Ltd. v. Gen.*

---

[1] The Hague Convention's six-month deadline in Article 15 is not relevant here.  That deadline pertains only to how long a court must wait before entering a *default judgment*.  Hague Service Convention art. 15(b), 20 U.S.T. at 364 (court "may give judgment even if no certificate of service or delivery has been received" if "a period of time of not less than six months . . . has elapsed").  Omni Bridgeway is not asking for a default judgment — it seeks only to begin attachment and execution efforts on the judgment it already has.  Article 15's six-month deadline, moreover, triggers far more severe consequences: a *default judgment* on the claim. Here, Omni Bridgeway merely seeks to use an alternative service method.

*Co. for Ports of Iraq*, No. 22-cv-1571, 2024 WL 3844800, at *6-7 (D.D.C. Aug. 16, 2024) (collecting cases), *appeal filed*, No. 24-7133 (D.C. Cir. Sept. 16, 2024).  With respect to the MIE and AKBN, service packets were sent to Albania's Minister of Europe and Foreign Affairs as required by Section 1608(a)(3).  Kry Decl. ¶5 & Ex. 2 ¶3.  Service packets were also sent to all three respondents' own addresses as per Section 1608(b)(3)(B).  *Id.*  All the packets were successfully delivered between April 25 and April 30, 2025, and signature receipts were obtained for each one.  Kry Decl. ¶5 & Ex. 2 ¶4.[2]

Omni Bridgeway therefore complied in full with the service requirements of Sections 1608(a)(3) and (b)(3)(B), satisfying Section 1608(e).

## II.   A REASONABLE PERIOD OF TIME HAS ELAPSED

Omni Bridgeway also satisfies Section 1610(c)'s requirement that "a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e)."  28 U.S.C. § 1610(c).  This Court entered judgment on February 14, 2025.  Dkts. 14, 15.  The Clerk completed service of the judgment by April 30, 2025.  Kry Decl. ¶5 & Ex. 2 ¶4.  As of this filing, therefore, more than six months have elapsed since the entry of judgment and more than three and a half months have elapsed since the completion of service.  Additional time will pass before the Court acts on this motion.  Those periods are more than "a reasonable period of time."

Courts in this District routinely find similar periods to be "a reasonable period of time" for purposes of Section 1610(c).  *See, e.g.*, *Eurofinsa, S.A. v. Gabonese Republic*, No. 23-cv-3013, 2025 WL 1650493, at *3 (D.D.C. June 11, 2025) (four months since entry of judgment);

---

[2] For four of the five packets, the delivery confirmations include scanned copies of the signatures.  Kry Decl. Ex. 2.  The fifth one is missing the scan but states: "Signed for by: E. Xoxa."  *Id.*  That is sufficient.  *See* 28 U.S.C. § 1608(b)(3)(B) (requiring only a "form of mail requiring a signed receipt," not a scanned copy of the signature).

7

*Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, No. 20-cv-129, 2021 WL 6644369, at *2 (D.D.C. July 13, 2021) (four months since entry of judgment); *Warmbier v. Democratic People's Republic of Korea*, No. 18-cv-977, 2019 WL 11276677, at *2 (D.D.C. Apr. 9, 2019) (three and a half months since entry of judgment and two months since service); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16-cv-661, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017) (sixty days since entry of judgment); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8-9 (D.D.C. 2015) (three months since service; noting that "courts have found periods of three months and less reasonable"); *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (six weeks since entry of judgment); *see also Elliott Assocs., L.P. v. Banco de la Nacion*, No. 96-cv-7916, 2000 WL 1449862, at *4-5 (S.D.N.Y. Sept. 29, 2000) (ten days since entry of judgment).

The FSIA's legislative history provides guidance about factors courts should consider. "[C]ourts should take into account procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." H.R. Rep. No. 94-1487, at 30 (1976).

Those factors weigh strongly in Omni Bridgeway's favor. Respondents have not satisfied any portion of the judgment; they have taken no steps toward satisfying the judgment; and they have made no representations about any plans to satisfy the judgment. Kry Decl. ¶ 7. Nor has the Republic of Albania enacted or proposed any legislation to facilitate payment of the judgment. *Id.* Respondents' wholesale failure even to appear in this proceeding confirms that respondents have no plans to satisfy the judgment voluntarily, either now or in the future. *See*

8

*Eurofinsa*, 2025 WL 1650493, at *3 (respondent's failure to participate "bolster[ed] the conclusion that a reasonable time has passed").

Against those considerations, the fourth factor — threatened dissipation of assets — warrants little weight. Omni Bridgeway has not yet served post-judgment asset discovery on respondents or third parties to identify, restrain, and execute against respondents' assets. The absence of evidence of dissipation at this early stage of post-judgment proceedings therefore confirms rather than undermines the need for this Court to grant Omni Bridgeway's motion so Omni Bridgeway can pursue further collection efforts. In any event, this one factor does not outweigh all the other factors that point in Omni Bridgeway's favor.

## CONCLUSION

The Court should grant Omni Bridgeway's motion, find that a reasonable period of time has elapsed since the entry and service of judgment, and authorize attachment and execution efforts under 28 U.S.C. § 1610(c).

Dated:  August 20, 2025
        Washington, D.C.

         /s/ Robert K. Kry
        Robert K. Kry
        D.C. Bar # 490545
        Lois S. Ahn
        D.C. Bar # 90030717
        MOLO LAMKEN LLP
        The Watergate, Suite 500
        600 New Hampshire Avenue, N.W.
        Washington, D.C.  20037
        Tel.: (202) 556-2011
        Fax: (202) 556-2001
        rkry@mololamken.com

        *Attorneys for Petitioner*
        *Omni Bridgeway Limited*

9

**CERTIFICATE OF SERVICE**

I certify that, on August 20, 2025, this motion, the accompanying memorandum of points and authorities, and the supporting declaration and exhibits, were served on respondents by mail to the following:

The Ministry of Infrastructure and Energy
   of the Republic of Albania
Rr. "Abdi Toptani," Nr. 1, 1001
Tiranë
Albania

Albpetrol Sh.A.
Rruga Fier-Patos Km. 7, Patos
Fier
Albania

The National Agency of Natural Resources
   of the Republic of Albania
Bulevardi "Bajram Curri"
Blloku "Vasil Shanto"
Tiranë
Albania

       /s/ Robert K. Kry
        Robert K. Kry

3