**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

OMNI BRIDGEWAY LIMITED,
as assignee for GBC Oil Company Ltd.,

          Petitioner,

  v.

THE MINISTRY OF INFRASTRUCTURE
AND ENERGY OF THE REPUBLIC
OF ALBANIA; THE NATIONAL
AGENCY OF NATURAL RESOURCES
OF THE REPUBLIC OF ALBANIA;
and ALBPETROL SH.A.,

          Respondents.

No. 1:23-cv-01938-LLA

## <u>DECLARATION OF ROBERT K. KRY</u>

ROBERT K. KRY declares as follows pursuant to 28 U.S.C. § 1746:

1.    I am a partner at MoloLamken LLP, counsel for petitioner Omni Bridgeway Limited in this matter. I submit this declaration in support of Omni Bridgeway's motion to authorize attachment and execution efforts on this Court's judgment under 28 U.S.C. § 1610(c).

2.    Following this Court's entry of a default judgment on February 14, 2025, Omni Bridgeway proceeded to serve the judgment on respondents as required by 28 U.S.C. § 1608(e).

3.    Based on my review of the documents in this case, Omni Bridgeway does not have any special arrangement for service of process with respondents within the meaning of 28 U.S.C. § 1608(a)(1) and (b)(1). Our firm therefore proceeded to serve respondents under the Hague Service Convention pursuant to 28 U.S.C. § 1608(a)(2) and (b)(2), by sending two copies of the Court's memorandum opinion and order and the docket entry for the Clerk's judgment, together with the service request forms, to Albania's Ministry of Justice on February 28, 2025.

1

The Declaration of Lois S. Ahn reporting the circumstances of that service, with exhibits, was previously filed at Dkt. 16 and is attached hereto as **Exhibit 1**. As shown in that declaration, Albania's Ministry of Justice received the service packets on March 4, 2025.

4.      Albania's Ministry of Justice has not provided our firm with a certificate showing service of the default judgment on any of the respondents. The Ministry has not communicated with our firm concerning the default judgment at all. None of the three respondents has ever communicated with our firm concerning the default judgment either.

5.      In light of the Ministry of Justice's failure to complete service under the Hague Service Convention, our firm determined that "service cannot be made" pursuant to that method within the meaning of 28 U.S.C. § 1608(a)(3) and (b)(3). In addition, to the best of my knowledge, none of the respondents has "an officer, a managing or general agent, or . . . any other agent authorized by appointment or by law to receive service of process in the United States" within the meaning of 28 U.S.C. § 1608(b)(2). Our firm therefore proceeded to serve respondents through this Court's Clerk's office pursuant to 28 U.S.C. § 1608(a)(3) and (b)(3)(B), by requesting that the Clerk serve by FedEx one copy per respondent of the memorandum opinion, the order, and the judgment docket entry, together with Albanian translations, to Albania's Minister for Europe and Foreign Affairs (for service on the Ministry of Infrastructure and Energy and the National Agency of Natural Resources under Section 1608(a)(3)) and to each respondent's street address (for service on all respondents under Section 1608(b)(3)(B)) on April 9, 2025. The Declaration of Robert K. Kry reporting the circumstances of that service, with exhibits, was previously filed at Dkt. 26 and is attached hereto as **Exhibit 2**. As shown in that declaration, FedEx reported that it successfully delivered all five packets and obtained signed delivery confirmations between April 25 and April 30, 2025.

6.      None of the three respondents has communicated with our firm concerning the default judgment that the Clerk served on them by FedEx.

7.      To the best of my knowledge, respondents have not satisfied any portion of the judgment or taken any steps to satisfy any portion of the judgment; respondents have not made any representations concerning any steps they plan to take to satisfy the judgment; and the Republic of Albania has not enacted or proposed any legislation to facilitate payment of the judgment.  Respondents have never communicated with our firm about these matters in any way, and we are not aware of any relevant information on these topics from any other source.

8.      Earlier in this case, our firm attempted to serve respondents with Omni Bridgeway's petition to recognize and enforce the award under the Hague Service Convention. As explained in the previously filed Return of Service dated February 1, 2024 (Dkt. 7) and the supporting declaration for Omni Bridgeway's default judgment motion (Dkt. 13-1), Albania's Ministry of Justice failed to serve those materials.  Omni Bridgeway delivered the materials to the Ministry on July 31, 2023.  By the time Omni Bridgeway moved for a default judgment on April 24, 2024, nearly nine months had elapsed.  As of the date of this declaration, over two years have elapsed.  Yet the Ministry of Justice still has not provided any certificate of service or any other indication that it ever completed service of the petition on respondents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 20, 2025
Washington, D.C.                                       Robert K. Kry

3