**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

OMNI BRIDGEWAY LIMITED,

   *Petitioner*,

  v.

MINISTRY OF INFRASTRUCTURE
AND ENERGY OF THE REPUBLIC OF
ALBANIA, *et al.*,

   *Respondents*.

Civil Action No. 23 - 1938 (LLA)

## <u>MEMORANDUM OPINION</u>

  Omni Bridgeway Limited ("Omni Bridgeway") commenced this action to enforce an arbitral award against the Ministry of Infrastructure and Energy of the Republic of Albania ("MIE"), the National Agency of Natural Resources of the Republic of Albania ("AKBN"), and Albpetrol Sh.A ("Albpetrol") (collectively, "Respondents"). The court confirmed the arbitral award and granted default judgment in favor of Omni Bridgeway and against Respondents in February 2025, ECF No. 15, but Respondents have taken no steps toward satisfying the judgment. Before the court is Omni Bridgeway's motion for an order under 28 U.S.C. § 1610(c) recognizing that a reasonable period of time has elapsed since the entry and service of judgment and authorizing attachment and execution. ECF No. 27. For the reasons explained below, the court will grant Omni Bridgeway's motion.

## I.  BACKGROUND

  Because the court has already detailed the facts of the underlying dispute in its previous memorandum opinion, ECF No. 14, at 1-5, the court summarizes only those facts pertinent to the

attachment motion.  In July 2020, a tribunal of the International Court of Arbitration of the International Chamber of Commerce issued an arbitral award against Respondents.  ECF No. 1 ¶¶ 1-2.  In July 2023, Omni Bridgeway brought this lawsuit to confirm the arbitral award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3, and the Federal Arbitration Act, 9 U.S.C. § 201 *et seq*.  ECF No. 1.  After Respondents failed to respond, Omni Bridgeway requested that the Clerk of Court enter default against them under Federal Rule of Civil Procedure 55(a).  ECF No. 9.  The Clerk of Court entered defaults, ECF Nos. 10, 11, and Omni Bridgeway moved for default judgment, ECF No. 13.  The court granted Omni Bridgeway's motion for default judgment in February 2025.  ECF No. 15.

Omni Bridgeway then made multiple attempts to serve the default judgment on Respondents.  First, it caused copies of the opinion, default judgment order, and docket entry, along with a Hague Convention service request form, to be served by FedEx on Albania's Ministry of Justice (the "Ministry").  ECF No. 27, at 2; *see* ECF No. 16.  The Ministry has not provided a certificate of service or otherwise communicated with Omni Bridgeway.  ECF No. 27, at 2; *see* ECF No. 13-1 ¶ 4.  Pursuant to 28 U.S.C. § 1608(a)(3), Omni Bridgeway then requested that the Clerk of Court send copies of the relevant documents, in both English and Albanian, via FedEx to Albania's Minister for Europe and Foreign Affairs (for service upon Respondents MIE and AKBN) and to each Respondent.  ECF No. 27, at 2; *see* ECF Nos. 17, 18 (affidavits requesting foreign mailing); ECF Nos. 20, 21, 23-25 (certificates from Clerk's Office confirming dispatch of five requested foreign mailings).  FedEx reported that all five packages were successfully delivered between April 25 and April 30, 2025.  ECF No. 26 ¶ 4, *see* ECF No. 26-2.  In August 2025,

Omni Bridgeway filed this motion for an order authorizing attachment and execution.  ECF No. 27.

## II.    LEGAL STANDARDS

A party seeking to execute or attach "any property in the United States" of a foreign state must first obtain an order pursuant to 28 U.S.C. § 1610(c).  *See Eurofinsa, S.A. v. Gabonese Republic*, No. 23-CV-3013, 2025 WL 1650493, at *1 (D.D.C. June 11, 2025).  A court can issue such an order only after determining that "a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required by section 1608(e) of this chapter." 28 U.S.C. § 1610(c); *see Kapar v. Islamic Republic of Iran*, 105 F. Supp. 3d 99, 108 (D.D.C. 2015).  The petitioner bears the burden of showing both (1) that it has provided notice under Section 1608(e), and (2) that a "reasonable period of time has elapsed following" the entry of judgment and the provision of notice.  *See Eurofinsa, S.A.*, 2025 WL 1650493, at *1 (quoting 28 U.S.C. § 1610(c)); *Warmbier v. People's Republic of Korea*, No. 18-CV-977, 2019 WL 11276677, at *1 (D.D.C. Apr. 9, 2019).

In seeking attachment, the plaintiff need not describe any particular property it wishes to attach, because a Section 1610(c) order "does not authorize the attachment or execution of particular property—or any property at all."  *Agudas Chasidei Chabad of U.S. v. Russian Federation*, 798 F. Supp. 2d 260, 270 (D.D.C. 2011) (emphasis omitted).  Rather, "[t]he purpose of [Section] 1610(c) is 'to ensure that a foreign power is always given an opportunity to evaluate and respond to any court judgment against it which could subject its property and interests in the United States to attachment or execution."  *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C. 2011) (quoting *Chabad*, 798 F. Supp. 2d at 271).

3

### III.    DISCUSSION

#### A.    Notice

As explained, Omni Bridgeway must first demonstrate that it provided "any notice required under section 1608(e)."    28 U.S.C. § 1610(c).    Section 1608(e) requires that "[a] copy of any . . . default judgment" be "sent to the foreign state or political subdivision in the manner prescribed for service in this section."    *Id.* § 1608(e).    Section 1608(a), in turn, outlines the proper procedure for effecting service on a foreign state or political subdivision and requires "strict adherence" to its terms.    *Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994)).    "The [Foreign Sovereign Immunities Act] prescribes four methods of service, in descending order of preference.    Plaintiffs must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on."    *Owens v. Republic of Sudan*, 826 F. Supp. 2d 128, 148 (D.D.C. 2011) (quoting *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 52 (D.D.C. 2008)).    The four methods of service are: (1) "in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision"; (2) "by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents"; (3) by sending one copy of the relevant materials to the Clerk of Court to be "dispatched . . . to the head of the ministry of foreign affairs of the foreign state concerned"; and (4) by sending two copies of the relevant materials to the Clerk of Court to be "dispatched . . . to the Secretary of State . . . [who] shall transmit one copy of the papers through diplomatic channels to the foreign state."    28 U.S.C. § 1608(a).    The Act provides a similar list of methods of serving an agency or instrumentality of a foreign state: (1) "in accordance with any special arrangement"; (2) "in accordance with an

applicable international convention on service" or through an agent for service in the United States;

(3)(B) "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk

of the court to the agency or instrumentality to be served," and by other methods not relevant here.

*Id.* § 1608(b).[1]

As to the first method of service, Omni Bridgeway has asserted that no special arrangement

exists between the parties.  ECF No. 27, at 4.  Omni Bridgeway accordingly attempted to serve

Respondents pursuant to an international convention to satisfy the second method of service.  *Id.*

Both the United States and Albania are signatories to the Convention on the Service Abroad of

Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service

Convention").  *See Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela,*

23 F.4th 1036, 1038-39 (D.C. Cir. 2022); *Status Table*, Hague Conf. on Priv. Int'l L.[2]  "The

'primary innovation' of the Hague Service Convention—set out in Articles 2 through 7—is that it

'requires each state to establish a central authority to receive requests for service of documents

from other countries.'"  *Water Splash, Inc. v. Menon*, 581 U.S. 271, 275 (2017) (quoting

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)).  In February 2025,

Omni Bridgeway's attorney sent the relevant documents to Albania's designated Central

Authority—its Ministry of Justice—by FedEx.  ECF No. 26; *see Albania – Central Authority &*

*Practical Information*, Hague Conf. on Priv. Int'l L.[3]  The physical address Omni Bridgeway used

matches the Hague Service Convention records for Albania's Central Authority address.  ECF

---

[1] The court will analyze notice under both Section 1608(a) and 1608(b) because, as the court noted in its memorandum opinion, MIE and AKBN each qualify as a "foreign state" under the Act, but Albpetrol is an agency or instrumentality of the state.  ECF No. 14, at 8; *see* ECF No. 1 ¶¶ 9-12.

[2] *Available at* https://perma.cc/5KZ7-3SD4.

[3] *Available at* https://perma.cc/J3E4-ZU8L.

No. 26; *see Albania – Central Authority & Practical Information*, Hague Conf. on Priv. Int'l L.[4]
Omni Bridgeway's attorney is an acceptable forwarding agent, *Micula v. Government of Romania*,
No. 17-CV-2332, 2018 WL10196624, at *4 (D.D.C. May 22, 2018) (collecting cases), and FedEx
is an acceptable method of transmittal, *Koch Mins. Sàrl v. Bolivarian Republic of Venezuela*, 514
F. Supp. 3d 20, 35-36 (D.D.C. 2020).   FedEx reported delivery in March 2025 with a signed
receipt.   ECF No. 16, at 2; ECF No. 16-2.   The record thus supports that Omni Bridgeway
attempted to serve Respondents consistent with Articles 2 through 7 of the Hague Service
Convention.

Once the Albanian Ministry of Justice received Omni Bridgeway's materials, it should have
served Respondents and provided a certificate of service under Article 6 of the Hague Service
Convention.  Hague Service Convention art. 6, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638;
*see Saint-Gobain Performance Plastics Eur.*, 23 F.4th at 1039.  But the Ministry of Justice has
neither provided such a certificate nor communicated with Omni Bridgeway or its counsel at all.
ECF No. 27-1 ¶ 4.  Given the Ministry of Justice's lack of response, *id.*, and its failure to respond
to Omni Bridgeway's attempts at service before default judgment was entered, *see* ECF No. 14,
at 14-16; ECF No. 13-1 ¶ 4, Omni Bridgeway concluded that service could not be made pursuant
to the Hague Service Convention, ECF No. 27-1, at 5-7.[5]  The court agrees that, in light of the
Ministry of Justice's repeated failures to serve Respondents, Omni Bridgeway reasonably
concluded that service could not be made pursuant to Sections 1608(a)(2) and (b)(2).  *See
ConocoPhillips Petrozuata B.V. v. Bolivarian Republic of Venezuela*, 628 F. Supp. 3d 1, 8

---

[4] *Available at* https://perma.cc/J3E4-ZU8L.

[5] Section 1608(b)(2) also allows for service through an authorized agent in the United States, 28
U.S.C. § 1608(b)(2), but Omni Bridgeway represents that no Respondent appears to have such an
agent.  ECF No. 27, at 2.

(D.D.C. 2022) (concluding that the plaintiffs could move to the next method of service where they "presented evidence that they had mailed and [the foreign state] received . . . everything necessary for the completion of service under the Hague Service Convention" but the foreign state "ha[d] not certified [its] receipt of service").

Next, Omni Bridgeway tried to effectuate service under 28 U.S.C. § 1608(a)(3) and (b)(3)(B). Section 1608(a)(3) provides for service to a foreign state or its political subdivision by sending the relevant documents, including a translation into the official language of the foreign state, "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3). Section 1608(b)(3)(B) similarly provides that a party can serve an agency or instrumentality "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served." *Id.* § 1608(b)(3)(B). Omni Bridgeway complied with these requirements. It translated a copy of the default judgment, memorandum opinion, and docket entry into Albanian. ECF No. 26 ¶ 3. To satisfy Section 1608(a)(3), Omni Bridgeway requested that the Clerk's Office serve MIE and AKBN by delivery to Albania's Minister for Europe and Foreign Affairs. *Id.*; ECF No. 26-1. And to satisfy Section 1608(b)(3)(B), Omni Bridgeway requested that the Clerk's Office serve all three Respondents at their street addresses. ECF No. 26 ¶ 3; ECF No. 26-1. FedEx reported that each of the five packages was successfully delivered between April 25 and April 30, 2025, and Omni Bridgeway provided signed delivery receipts to the court. ECF No. 26 ¶ 4; ECF No. 26-2.[6]

---

[6] For four of the five addresses, there is a scanned copy of the recipient's signature. ECF No. 26-2. Although the fifth one lacks a scanned copy of the signature, the FedEx receipt says "Signed for

(*continued on next page*)

The court accordingly concludes that Omni Bridgeway provided notice as required by Section 1608(e) by April 30, 2025, when the Clerk's Office completed service of the default judgment. *See* ECF No. 26 ¶ 4.

## B.    Whether a Reasonable Period of Time Has Elapsed

Omni Bridgeway must next establish that "a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under [S]ection 1608(e)." 28 U.S.C. § 1610(c). Although Section 1610(c) does not specify what constitutes a "reasonable time," "the sweep of the case law supports [the] contention that even a few months is sufficient to satisfy [Section] 1610(c)'s 'reasonable period of time' requirement, especially when the defendant has offered no evidence that it is making efforts to satisfy the judgment." *TECO Guat. Holdings, LLC v. Republic of Guatemala*, No. 17-CV-102, 2020 WL 2934951, at *2 (D.D.C. June 2, 2020) (collecting cases and noting that the respondent's counsel was unable to find any cases "in which a period of two months was found to be insufficient"); *see, e.g.*, *Eurofinsa, S.A.*, 2025 WL 1650493, at *3 (concluding that "three months fits well within what courts have determined constitutes a reasonable time under [Section] 1610(c)"); *Warmbier*, 2019 WL 11276677, at *2; *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8 (D.D.C. 2015) (finding three months reasonable "[i]n the absence of any evidence that defendants are making efforts to pay the[] judgments voluntarily"). Here, the court entered judgment on February 14, 2025, ECF No. 15, and service of the judgment was completed on April 30, 2025, ECF No. 26 ¶ 4. Accordingly, over a year has elapsed since the entry of judgment, and more than ten months have passed since the completion

---

by: E. Xoxa." *Id.* at 5. Because Section 1608(b)(3)(B) requires service by "a form of mail requiring a signed receipt," not by a form containing a scanned copy of the signature with the court, the court is satisfied that this service is sufficient. 28 U.S.C. § 1608(b)(3)(B).

of service.  These periods well exceed the requirement for a "reasonable period of time" under Section 1610(c).  *See TECO Guat. Holdings, LLC*, 2020 WL 2934951, at *2; *Eurofinsa, S.A.*, 2025 WL 1650493, at *3.

## IV.    CONCLUSION

For the foregoing reasons, the court will grant Omni Bridgeway's motion for an order to authorize attachment and execution.  ECF No. 27.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   March 6, 2026